IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROGER JOSEPH ANDRUS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv347 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Movant Roger Joseph Andrus, Jr., a prisoner confined at the Federal Corrections Institution in Three Rivers, Texas, proceeding *pro se*, filed this motion for leave to file a delayed Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

On November 9, 1998, following a plea of guilty, movant was convicted of possession with intent to sell or distribute a controlled substance, in violation of 21 U.S.C. § 841. Movant was sentenced to a term of 235 months imprisonment. Movant appealed his conviction to the Fifth Circuit Court of Appeals. On January 6, 2000, the judgment of the district court was affirmed. *Andrus v. United States*, No. 98-41498 (5th Cir. Jan. 6, 2000) (unpublished). Movant's petition for writ of certiorari was denied by the Supreme Court on April 27, 2000.

Analysis

*Limitations*

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations

for the filing of a motion to vacate sentence. Title 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations of § 2255 does not act as a deadline that is extendable by court order. Instead, it is a statutory bar to consideration of the claims asserted in a petition. It is not a jurisdictional bar to filing the action, but rather an affirmative defense that is subject to equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000). This Court cannot pre-approve any delay in filing a motion under § 2255 before the movant files such motion. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 604 (5th Cir.2004) (court does not grant advisory opinions); *John Doe # 1 v. Veneman*, 380 F.3d 807, 814 (5th Cir.2004) (same).

The court cannot interpret movant's motion as commencing a collateral proceeding pursuant to 28 U.S.C. § 2255 because Rule 2 of the Rules Governing Section 2255 Proceedings provides that a motion to vacate, set aside, or correct sentence shall be in the form of a motion,

specifying all grounds for relief that is available to the movant and the factual basis for each ground for relief. Movant's motion only requests additional time to file a motion to vacate sentence and, thus, cannot be construed as the motion itself. Further, movant's motion for an extension of the one-year statute of limitations does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte* ); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir.1986); *United States v. Cook*, 795 F.2d 987, 994 (Fed.Cir.1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not " 'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." ' *Cook*, 795 F.2d at 994 (*quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982)).

    In addition to his motion for leave to file a delayed motion, movant filed a motion to proceed *in forma pauperis* and a motion for discovery in which he requests the production of transcripts and certain records. The statute under which an indigent may obtain transcripts is 28 U.S.C. § 753(f). Title 28 U.S.C. § 751(f) states, in pertinent part, the following:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *United States v. MacCollom,* 426 U.S.

3

317, 321 (1976). Accordingly, an indigent petitioner must demonstrate a particularized need for the transcript. *Id.* at 323-330. A transcript will not be provided where a petitioner asserts he needs the transcript to formulate a claim or to review for possible claims. *Hines v. Baker,* 422 F.2d 1002, 1007 (10th Cir. 1970). A defendant cannot conduct a "fishing expedition" to find something that may support a potential Section 2255 motion. *United States v. Caravajal*, 989 F.2d 170 (5th Cir. 1993).

Here, movant did not meet his burden to show that he has a particularized need for the transcripts and records requested. Movant merely states that the transcripts and records requested "are indispensable for a fair and proper proceeding pursuant to Delayed Motion under 28 U.S.C. § 2255 as required by the Fifth and Sixth Amendments to the Constitution." Accordingly, movant's motion for transcripts at government expense should be denied.

Assuming, *arguendo*, that the court were to construe movant's motion as a motion to vacate, set aside or correct sentence, the motion is untimely. Movant's conviction became final on April 27, 2000, the date movant's petition for writ of certiorari was denied. The one-year period began to run on the day after the conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.1998), and expired on April 27, 2001. Movant did not file this motion until May 6, 2005, more than four years after the expiration of the one-year period.[1] Therefore, movant's motion is clearly untimely.

---

[1] For the purposes of this memorandum, the motion is deemed filed on the date movant signed the same and presumably placed it in the prison mail. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing)).

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 26 day of **May, 2005.**

_____
Thad Heartfield
United States District Judge